**SO ORDERED.**
**SIGNED this 28 day of July, 2016.**

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **ADA TYSON WILLIAMS** | **14-00793-5-JNC** |
| | **CHAPTER 13** |
| **DEBTOR** | |

### ORDER DENYING DEBTOR'S MOTION TO MODIFY PLAN

This matter came before the court on a Motion to Modify plan filed by Ada Tyson Williams (the "Debtor") on May 24, 2016, Dkt. 37. The chapter 13 trustee filed a response in opposition (the "Response"), Dkt. 42. A hearing took place on July 20, 2016 in Greenville, North Carolina, at which the court denied the Debtor's motion to modify. This order memorializes that ruling.

### BACKGROUND

Ada Tyson Williams filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on February 7, 2014. At the time, Ms. Williams resided at 510 Briley Road, Greenville, North Carolina. CitiMortgage held a second priority lien secured by a deed of trust on the property in the amount of $26,744.76. Dkt. 2 at 2. Ms. Williams' original plan was confirmed without objection on August 12, 2014 and provided for monthly payments in the amount of $494.00 for 60 months. Dkt. 19 at 2. The plan projected a 0% payout to unsecured creditors. After the plan

was confirmed, CitiMortgage notified Ms. Williams that the debt had been forgiven. To date, Ms. Williams has paid the trustee $16,618.00 of the $29,640.00 provided for under the plan. Ms. Williams now asserts that because CitiMortgage never filed a proof of claim and in fact has canceled the debt, she should only be required to pay a total of $10,913.00, rather than the $29,640.00 in the confirmed plan. Accordingly, Ms. Williams asserts that she has paid in $6,358.00 more than should have been required, and she requests in her motion that the court deem the case to be complete, grant a discharge, and order the trustee to return any excess funds to her after the costs of the trustee are deducted.

In his Response, the trustee contends that while Ms. Williams is a below-median debtor, she has only completed 27 monthly payments. Under 11 U.S.C. § 1325(b) and *Pliler v. Stearns (In re Pliler)*, 747 F.3d 260 (4th Cir. 2014), Ms. Williams' applicable commitment period is 36 months and the plan cannot be completed prior to the end of that period. The trustee also maintains that any funds on hand, and those paid in through month 36, should be committed to the unsecured class of creditors because the plan is based on what the Debtor can afford to pay into the plan, not which creditors must be paid.

## DISCUSSION

Section 1329 of the Bankruptcy Code governs the modification of a chapter 13 plan after confirmation. Section 1329(a) provides that a plan may be modified to:

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
(2) extend or reduce the time for such payments; or
(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. § 1329(a).

2

Section 1329(b)(1) provides that any modification proposed under § 1329(a) must also comply with §§ 1322(a), 1322(b), 1323(c), and 1325(a). While § 1329 does not explicitly state what justifies a modification to a bankruptcy plan, the United States Court of Appeals for the Fourth Circuit has held "that a substantial change in the debtor's financial condition after confirmation may warrant a change in the level of payments." *In re Arnold*, 869 F.2d 240, 241 (4th Cir. 1989). The Fourth Circuit further analyzed the criteria necessary for a bankruptcy court to consider upon a motion to modify a confirmed chapter 13 plan in the case of *In re Murphy*, 474 F.3d 143, 150 (4th Cir. 2007). In *Murphy*, the appellate court held that the bankruptcy court first "must determine if the debtor experienced a substantial and unanticipated change in his post-confirmation financial condition" that would "inform the bankruptcy court on the question of whether the doctrine of res judicata prevents modification of the confirmed plan." *Id.* Next, the bankruptcy court must determine whether the proposed modification falls within the purview of § 1329(a). Finally, the bankruptcy court is directed to determine whether the proposed modification complies with § 1329(b). To summarize, in order to justify the modification of a confirmed plan, the movant must demonstrate: (1) a substantial and unanticipated change in circumstances; (2) that the modification is for one of the purposes listed in § 1329(a); and (3) that the proposed modification will comply with § 1329(b).

Although the specific question before the court differed, Judge Humrickhouse recently considered a similar issue in *In re Smith*, Case No. 14-02611-5-SWH, 2016 WL 3232728 (Bankr. E.D.N.C. June 3, 2016). In *Smith*, the debtor sold her home, satisfying a secured claim that was being paid inside the chapter 13 plan through a "conduit" mortgage. The debtor then filed a motion to modify, stating that because the secured claim no longer existed, her plan payments should be reduced by the amount of her mortgage payment because the plan provided that the dividend to be

3

paid to unsecured creditors was zero. There, the court held that "Chapter 13 is not for the debtor to pay the least amount the debtor can get away with, but instead to pay the greatest amount the debtor can afford." 2016 WL 3232728 at *4. The *Smith* court also held, pursuant to *Murphy* and *Arnold*, that the zero percent dividend paid to unsecured creditors was a prediction rather than an absolute, evidenced by the language of the confirmed plan.[1]  Ms. Smith met her burden of proof in showing a substantial and unanticipated change in circumstances, but she failed to show that her ability to make her plan payments changed.

In the instant case, Ms. Williams has met the burden of demonstrating a substantial and unanticipated change in her post-confirmation financial condition, because she no longer is required to pay the secured claim held by CitiMortgage. However, here, as in *Smith*, the monthly plan payment is based on what the Ms. Williams could afford, not the lowest amount she can get away with paying. Ms. Williams has provided no information to the court that would demonstrate a changed circumstance that impacted her ability to make the monthly plan payment as originally confirmed. Ms. Williams maintains that she has overpaid into her plan since the CitiMortgage claim was never paid from the plan and she projected a zero percent dividend to unsecured creditors. Ms. Williams therefore argues that she is entitled to have to her payments reduced and that she should be given a refund of $6,358.00, which she believes is the amount paid in that was over and beyond what she was required to pay in to satisfy secured and priority claims. While the debtor in *Smith* sought a *prospective* reduction in payments to account for the payoff of the secured claim and Ms. Williams seeks a *retroactive* reduction in payments to reflect the cancelation of her

---

[1] The *Smith* plan provided, "General unsecured claims shall be paid through the plan pro rata to the extent that funds are available after disbursements are made to pay secured claims, arrearage claims, priority claims, and other specially classified claims."

4

secured debt, the analysis is the same. In either case, the court would have to agree that the zero percent distribution to unsecured creditors, rather than the amount of the monthly payment, is binding. Chapter 13 policy demands the opposite.

Ms. Williams is not entitled to a refund of money paid into the plan. The cancellation of the mortgage may create a windfall, but all of the benefit will not go to Ms. Williams. Instead, the balance in the possession of the trustee as well as future payments will be used to repay unsecured creditors based on the language of paragraph 11 in the confirmed plan, which provides that "General unsecured claims shall be paid through the plan pro rata to the extent that funds are available after disbursements are made to pay secured claims, arrearage claims, priority claims, and other specially classified claims." Dkt. 19 at 4. Any funds paid into the plan that are not required to satisfy secured claims, arrearage claims, and priority claims should be distributed to unsecured creditors, not refunded to Ms. Williams, because the zero percent dividend to unsecured creditors was a projection based on the belief that CitiMortgage had a secured claim. CitiMortgage's cancelation of its debt does not mean that Ms. Williams has less disposable income to commit to the plan, nor does it mean that unsecured creditors are entitled to nothing. It merely means that a class of creditors who would have recovered nothing will now recover something.

Also at issue in this case is the fact that Ms. Williams' motion does not comply with the provisions of *Pliler,* 747 F.3d 260, which held that below-median debtors must pay into their chapter 13 plans for 36 months unless unsecured claims are paid in full in less time. Here, Ms.

5

Williams is in month 27 of 60 in her plan. She has not paid her unsecured creditors in full, and, thus, she must stay in the plan for at least 36 months.[2]

Ms. Williams' confirmed plan provides for payments of $494.00 for 60 months. While she has shown a substantial change in her financial circumstances, she has not otherwise met her burden of proof to show that the requested modification – to retroactively reduce her monthly payments and generate a refund – should be allowed. Based on the foregoing, the Debtor's motion to modify the plan is DENIED. The request for $600 as a non-base fee for this motion is also DENIED.

**END OF DOCUMENT**

---

[2] The court expresses no opinion herein regarding whether Ms. Williams can modify her plan to terminate at the end of 36 months based upon the same change in circumstances, as that request is not contained in her Motion, and is presumed reserved for another day by the Debtor.